# SUPREME COURT OF TEXAS.

## TYLER SESSION, APRIL, 1868.

[Mr. Justice HAMILTON was not present at this session.]

---

### WILLIAM GEAR v. EPHRAIM C. HART.

A judgment by default, which in general terms directs the sale of a tract of land without describing it, is void, *pro tanto;* but this does not impair the money judgment, nor is it error of which the defendant can complain.

Where the contract stipulates a particular rate of interest, (seven *per centum per annum,*) it is not error, of which the defendant can complain, to render judgment at that rate. (Paschal's Dig., Art. 3943, Note 933.) But, the case being before the court, it was reformed, so as to draw eight *per centum.*

ERROR from Red River. The case was tried before Hon. WILLIAM S. TODD, one of the district judges.

The note described no particular tract of land, and there was no averment to let in proof. Otherwise the facts are sufficiently stated by the court.

No briefs have been furnished to the *Reporter.*

MORRILL, C. J.—Judgment was rendered in the district court against Gear, in favor of Hart, for $556 78, to bear interest at the rate of seven per cent., and that the land be sold for the satisfaction of the judgment, viz, a certain tract of land situated on the waters of Pine creek, in Red River county, on which the defendant resided.

Gear appealed to this court, and assigns as error—

1. Want of certainty in the description of the land ordered to be sold.

2. The judgment and the interest thereon is excessive.

The petition is founded on a note calling for $500, and interest at the rate of seven per cent. from the 27th February, 1859, and reserving a lien upon a tract of land in Red River county for the payment of the note.

There was no allegation showing the particular tract of land on which there was a lien, and plaintiff did not request a judgment for the condemnation of any land.

It is presumed that the clerk of the district court, in entering up the judgment by default, was influenced by the verbiage of the note to add the surplus to the requested judgment.

But it does not follow that, because there is a want of certainty in the description of the land ordered to be sold, the judgment is otherwise bad. This want of certainty may, as it really does, render void what it refers to, but, unless the plaintiff in the execution is dissatisfied, no other person has any cause of complaint. But as the judgment, as stated, is otherwise defective and erroneous, we are bound to reverse it, and render such judgment as the district court ought to have rendered. The judgment draws interest at the rate of seven per cent. Article 3943 provides that all judgments shall draw eight per cent., excepting only those in which the writing upon which the judgment is founded stipulates for a greater rate of interest.

Ordered that the judgment be reversed and reformed.

ORDERED ACCORDINGLY.